# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA-PITTSBURGH DIVISION

| | |
|---|---|
| DONALD W. VARGO, Administrator of the Estate of Donald Vargo<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF ALLEGHENY, ALLEGHENY COUNTY HEALTH DEPARTMENT t/d/b/a ALLEGHENY CORRECTIONAL HEALTH SERVICES, INC. AND/OR ALLEGHENY CORRECTIONAL HEALTH SERVICES, INC. AND CORRECTIONAL HEALTHCARE SOLUTIONS, INC.,<br><br>　　　Defendants. | C.A. 2:09-cv-318<br><br>TYPE OF PLEADING:<br><br>ANSWER AND AFFIRMATIVE DEFENSES<br><br><br>Filed on Behalf of **Allegheny Correctional Health Services, Inc.** and **Allegheny County Health Department t/d/b/a Allegheny Correctional Health Services, Inc.**<br><br>COUNSEL FOR THIS PARTY: |
| **JURY TRIAL DEMANDED** | Stanley A. Winikoff, Esquire<br>PA I.D. No. 00212<br><br>DELL, MOSER, LANE & LOUGHNEY, LLC<br>525 Wm. Penn Place<br>Suite 3700<br>Pittsburgh, PA 15219<br><br>(412) 281-3333 |

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONALD W. VARGO, Administrator of the Estate of Donald Vargo**<br><br>   **Plaintiff,**<br><br>   v.<br><br>**COUNTY OF ALLEGHENY, ALLEGHENY COUNTY HEALTH DEPARTMENT t/d/b/a ALLEGHENY CORRECTIONAL HEALTH SERVICES, INC. AND/OR ALLEGHENY CORRECTIONAL HEALTH SERVICES, INC. AND CORRECTIONAL HEALTHCARE SOLUTIONS, INC.,**<br><br>   **Defendants.** | **Case Number: 2:09-cv-318** |

## ANSWER AND AFFIRMATIVE DEFENSES

AND NOW, come the Defendants, Allegheny Correctional Health Services, Inc. and Allegheny County Health Department t/d/b/a Allegheny Correctional Health Services, Inc., on behalf of all remaining parties, by their undersigned counsel, and answers the complaint in this matter as follows:

1. Admitted. It is admitted, upon information received, that Donald W. Vargo resides in Allegheny County Pennsylvania and is the Administrator of the Estate of Donald Vargo, deceased.

2. Admitted. It is admitted, upon information received, that Donald Vargo was 48 years old and resided in Allegheny County, Pennsylvania at the time of his death.

3. The allegations in this paragraph are directed to parties other than these defendants. Therefore, there is no requirement to respond to these allegations. Should a response be required, the allegations are denied.

4. Admitted in part; denied in part. Allegheny Correctional Health Services, Inc. is a nonprofit Pennsylvania corporation established by the Allegheny County Health Department to administer medical care at the Allegheny County Jail. Allegheny Correctional Health Services, Inc. is a local agency of the County of Allegheny under the Pennsylvania Political Subdivision Tort Claims Act. Allegheny County Correctional Health Services, Inc. is not an entity known to these defendants and that entity, if it exists, is not involved in providing health care to inmates at the Allegheny County Jail. Upon information received, Correctional Healthcare Solutions was not, at any time relevant to this complaint, involved with providing medical care to inmates at the Allegheny County Jail.

5. After reasonable investigation, these defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph. Therefore, the allegations are denied.

6. The allegations in this paragraph are legal conclusions to which no response is required. Should the allegations be deemed factual, they are denied.

7. After reasonable investigation, these defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph. Therefore, the allegations are denied.

8. The allegations in this paragraph are legal conclusions to which no response is required. Should the allegations be deemed factual, they are denied.

9. Admitted in part; denied in part. It is admitted that Donald Vargo was incarcerated in the Allegheny County Jail from January, 2006 until the time of his death. As to the other aspects of this paragraph, after reasonable investigation, these defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph. Therefore, the allegations are denied.

10. Admitted. It is admitted that Mr. Vargo had been previously admitted to the Allegheny County Jail at times earlier than January, 2006.

11. Admitted in part; denied in part. It is admitted that from January, 2006 until the date of his death, Allegheny Correctional Health Services, Inc. provided medical care to individuals incarcerated in the Allegheny County Jail, including, during his

incarcerations at the Allegheny County Jail, Donald Vargo. All other allegations in this paragraph are denied as stated.

12. Admitted in part; denied in part. It is admitted that in 2006 Donald Vargo filled out several Requests for Medical Staff Attention during his incarceration at the Allegheny County Jail. While in the jail, he went through a detoxification regimen because of pre-existing problems with abuse.

13. Admitted. It is admitted that Donald Vargo was familiar with the jail process of requesting nonemergency medical attention by filling out a Request for Medical Staff Attention. It is further admitted that Mr. Vargo submitted several requests including those relating to problems with his hands.

14. Admitted in part; denied in part. It is admitted that on May 3, 2006, Donald Vargo filled out a Request indicating that his left hand "is turning red and it is going numb." All other allegations in this paragraph are denied.

15. Admitted in part; denied in part. It is admitted that in response to the Request filled out by Donald Fargo on May 3, 2006, Donald Vargo was seen and evaluated by the medical staff on May 5, 2006. It is admitted that the bottom half of the Request form did not document whether or not vital signs had been taken. To the extent that this paragraph implies, based on the complaints voiced by Mr. Vargo that there was a medical need for physical examination or the taking of vital signs, that is denied.

16. Denied. Donald Vargo was seen by a physician on May 8, 2006.

17. Admitted in part; denied in part. It is admitted that Donald Vargo filled out a standard form for inmates seeking nonmedical emergency treatment, a Request for Medical Staff Attention on May 5, 2006 and that he was seen by a physician on May 8, 2006. All other aspects of this paragraph are denied.

18. Admitted in part; denied in part. It is admitted that the bottom half of the Request form referred to in this allegation does not indicate whether or not vital signs were taken nor does it indicate whether or not a complete physical examination was performed. To the extent that this paragraph implies that there was a medical necessity to take vital signs and/or complete a physical examination of Donald Vargo, that is denied.

19. Admitted in part; denied in part. It is admitted that Donald Vargo was seen by a physician at the Allegheny County Jail on May 7, 2006. It is further admitted that the physician who saw Mister Vargo examined him, made an assessment of his complaints, prescribed appropriate medications and ordered blood work.

20. Denied as stated. On May 7, 2006, Donald Vargo was seen by a physician at the Allegheny County Jail who examined him, made an assessment of his problem or problems, and executed a plan to resolve those problems. To the extent that the

5

allegations in this paragraph run contrary to, explain, supplement or otherwise interpret the medical records, they are denied. The medical records speak for themselves.

21. Denied as stated. The allegations in this paragraph are an attempt to explain, supplement or otherwise interpret the medical records. As such they are denied and the medical records speak for themselves. It is admitted that a prescription for Motrin was given to Donald Vargo and that laboratory blood tests were ordered.

22. Admitted in part; denied in part. It is admitted that Donald Vargo filled out a nonemergency Request form dated May 14, 2006 which indicated he was feeling lethargic. When seen by a physician, he was described as very active and boisterous. It is admitted that Donald Vargo asked questions about his blood work.

23. Admitted in part; denied in part. It is admitted that Donald Vargo was seen by the medical staff on May 17, 2006 at which time blood work was ordered to be drawn on a priority basis. An explanation was given to him of what blood work will be drawn so that he understood what the blood work was to do. At that time, Donald Vargo was seen by the medical staff at the Allegheny County Jail and appropriate care was given to him.

24. Admitted in part; denied in part. It is admitted that Donald Vargo filled out a nonemergency medical Request form on May 15, 2006. Mister Vargo was seen and appropriately treated by the medical staff on May 17, 2006.

25. Admitted. It is admitted that the notation reads that he was seen by the medical staff on May 17, 2006.

26. Admitted in part; denied in part. It is admitted that Mister Vargo filled out in a request for nonemergency medical care which he dated May 16, 2006. Mister Vargo was seen by the medical staff on May 17, 2006. At that time he was seen by the medical staff, he was appropriately evaluated and treated.

27. Admitted. It is admitted that in response to the May 16, 2006 Request for Medical Staff Attention, a request for nonemergency medical care, that Donald Vargo was seen by the medical staff and appropriately treated on May 17, 2006.

28. Admitted in part; denied in part. It is admitted that there is no indication as to which member of the medical staff saw Mister Vargo on May 17, 2006 in response to his request for nonemergency medical care. To the extent that it is implied or insinuated that it was a medical necessity to be examined only by a physician on that date, that allegation is denied.

29. Admitted. It is admitted that Donald Vargo requested to be seen by a psychiatrist because of the death of his mother on May 23, 2006. At that time, medications were prescribed for him.

30. Admitted.

31. Admitted in part; denied in part. It is admitted that correctional staff called a patient emergency on June 7, 2006. Medical staff of the Allegheny County Jail responded immediately and found that another inmate was performing CPR on Donald Vargo. The staff could not detect the pulse. The medical staff attempted to arouse Mister Vargo but he had no pulse and respiration. Electric shocks were also given. Paramedics were called, the patient was intubated and transferred by to Southside Hospital. Upon information and belief, it is admitted that Donald Vargo was pronounced dead at Southside Hospital.

32. After reasonable investigation, these defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph. Therefore, the allegations are denied.

33. Denied. The factual predicate contained in the allegations in Paragraph 33 of this complaint indicate that the symptoms alleged occurred at the same period of time. Each one of the factors may or may not have been indicative or a symptom of cardiovascular disease, endocarditis, some other disease or a psychosomatic symptom. From his admission to the Allegheny County Jail to the time of his death, the only drugs taken by Donald Vargo were those prescribed and did not include IV drugs. There is no record to indicate that all of the symptoms enumerated in this paragraph existed at the time of his death or coexisted at any time before that. Therefore, these allegations are denied.

34. Denied.

35. Denied.

36. Denied.

37. The allegations in this paragraph are directed to parties other than these defendants. Therefore, there is no requirement to respond to these allegations. Should a response be required, the allegations are denied.

38. Denied.

39. The allegations in this paragraph are legal conclusions to which no response is required. Should the allegations be deemed factual, they are denied.

40. Denied. The allegations in each of the subparagraphs of Paragraph 40 are denied.

41. The allegations in this paragraph are legal conclusions to which no response is required. Should the allegations be deemed factual, they are denied.

42. Denied.

43. The allegations in this paragraph are legal conclusions to which no response is required. Should the allegations be deemed factual, they are denied.

44. The allegations in this paragraph are directed to parties other than these defendants. Therefore, there is no requirement to respond to these allegations. Should a response be required, the allegations are denied.

45. The allegations in this paragraph are directed to parties other than these defendants. Therefore, there is no requirement to respond to these allegations. Should a response be required, the allegations are denied.

46. The allegations in this paragraph are directed to parties other than these defendants. Therefore, there is no requirement to respond to these allegations. Should a response be required, the allegations are denied.

47. Denied.

48. Denied.

## NEW MATTER

1. The plaintiff fails to state a cause of action for which relief may be granted.

2. The complaint fails to state a cause of action for which relief may be granted under 42 U.S.C. § 1983.

3. The complaint fails to state a cause of action for which relief may be granted under 42 U.S.C. § 1988.

4. The complaint fails to state a common law tort claim for which relief may be granted.

5. The complaint fails to state a cause of action based on the theory of vicarious liability for which relief may be granted.

6. The complaint fails to state a cause of action for punitive damages for which relief may be granted.

7. The plaintiffs' claim is barred by the statute of limitations contained in 42 PA CSA §5522.

8. The plaintiffs' complaint is barred by the provisions of the political subdivision tort claims act, 42 PA CSA §§ 8541 et seq.

9. These defendants are immune from all claims for punitive damages.

10. Allegheny Correctional Health Services Inc. does not manage, own, supervise, hire, fire or otherwise control any officer or official of the Allegheny County Jail, including jail guards and bears no responsibility for their conduct or for their omissions, if any.

11. Allegheny Correctional Health Services is an entity created by Allegheny County and subject to all of the protections provided to it and to its employees by the Political Subdivision Tort Claims Act

12. Allegheny Correctional Health Services properly hired, trained and supervised its employee's working at the Allegheny County jail.

13. Allegheny Correctional Health Services has not maintained or adopted any policy, practice, custom, ordinance, law or regulation relating to the conduct of its employees as described in this complaint.

14. Allegheny Correctional Health Services has not adopted any policy, practice, custom, ordinance, law or regulation which violates any right, privilege or immunity secured to the plaintiff's decedent by the Constitution of the United States and/or the laws of the United States.

15. Allegheny Correctional Health Services has not engaged in any conduct which violated any right, privilege or immunity secured to the plaintiff's decedent by the Constitution of the United States and/or the laws of the United States.

16. Allegheny Correctional Health Services, at all times relevant to this complaint as determined from its allegations, acted reasonably, properly and appropriately to respond to the medical complaints voiced by Donald Vargo.

17. Allegheny Correctional Health Services and its employees have, at all times relevant to this complaint, acted without malice towards Donald Vargo.

18. At all times relevant to the allegations contained in this complaint, Allegheny Correctional Health Services acted in a careful, prudent and reasonable manner and, in doing so, did not violate any right guaranteed to Donald Vargo under 42 U.S.C. § 1983.

19. Allegheny Correctional Health Services does not maintain a full-service hospital at its facility in the Allegheny County Jail.

20. Allegheny Correctional Health Services, upon learning of the medical emergency which beset Donald Vargo on the date of his death, properly administered medical care to him, called for Pittsburgh paramedical services and arranged for his transport to a competent medical facility, Southside Hospital.

21. When in the care of Allegheny Correctional Health Services, Donald Vargo received competent and appropriate medical care.

22. To the extent that the allegations in the complaint referred to actions committed or actions omitted to be done by individuals who were employees of Allegheny Correctional Health Services, Inc., those employees are immune from suit under the Pennsylvania Political Subdivision Tort Claims Act. Under said act, no claim for medical malpractice may be brought, under Pennsylvania law, against a local agency.

23. The immunity from suit applicable to Allegheny Correctional Health Services, Inc. applies to its agents, servants and employees.

24. The plaintiff has failed to allege deliberate indifference to his serious medical need and has further failed to allege that the medical care described in the complaint cause damage to Donald Vargo.

25. Plaintiff has failed to allege that Donald Vargo suffered a serious disease or injury as a result of the medical care which he claims was denied to him.

26. Plaintiff has failed to allege that the health of Donald Vargo was endangered; therefore, the claims of the plaintiff did not rise to the level of a constitutional deprivation.

27. The plaintiff has failed to allege that any of the defendants acted with a deliberate or callous indifference to the constitutional rights of Donald Vargo.

28. The plaintiff has failed to allege that any of the defendants acted in reckless disregard of the constitutional rights of Donald Vargo.

29. The plaintiff has failed to allege that any of the defendants caused the wanton and unnecessary infliction of pain and therefore has failed to state a cause of action which rises to the level of a constitutional violation.

30. The plaintiff has failed to allege any specific rights secured to Donald Vargo under federal law or under the United States Constitution which has been violated by these defendants.

31. To the extent that any of the individual defendants are sued in their individual capacities, they have qualified immunity and may not be sued.

32. The plaintiff has failed to allege that any act or omission of an administrator or supervisor of Allegheny Correctional Health Services Inc. is the cause of any of the injuries alleged.

33. The plaintiff has failed to show actual or constructive knowledge of the risk of constitutional injury, deliberate indifference and a causal link between a

supervisor in an action in the particular constitutional injury suffered by Donald Vargo in this matter.

34. No defendant in this litigation is subject to liability for punitive damages.

    WHEREFORE, these defendants pray that the claims against them be dismissed.

    Respectfully submitted,
Dell, Moser, Lane & Loughney, LLC

*/s/   Stanley A. Winikoff*
Stanley A. Winikoff, Esquire

525 William Penn Place
Suite 3700
Pittsburgh, PA 15219

412-281-3333
swinikoff@winikofflaw.com

Counsel for Allegheny Correctional Health Services, Inc. and for Allegheny County Health Department t/d/b/a Allegheny Correctional Health Services, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Answering Affirmative defenses was forwarded using the Court's electronic filing/electronic case management system on this 30th day of March, 2009 to the following:

Charles Frankovic, Esquire
Victor H. Pribanic, Esquire
Counsel for Plaintiff
Pribanic and Pribanic
513 Court Place
Pittsburgh, PA 15219

Caroline Liebenguth, Esquire
Assistant County Solicitor
Counsel for Allegheny County
Suite 300
445 Fort Pitt Blvd.
Pittsburgh, PA 15219

BY:/s/ *Stanley A. Winikoff*
Stanley A. Winikoff